Roman **DOMBROSKI**, Plaintiff-Appellant,

v.

Virgil W. **COX** and Reliable Insurance Company of Dayton, Ohio, a corporation, Defendants-Respondents.

No. 32790.

St. Louis Court of Appeals.

Missouri.

June 14, 1968.

Motion for Rehearing or to Transfer to Supreme Court Denied Sept. 4, 1968.

Application to Transfer Denied Oct. 14, 1968.

Sherman Landau, St. Louis, for plaintiff-appellant.

Moser, Marsalek, Carpenter, Cleary & Jaeckel, F. Douglas O'Leary, M. E. Stokes, St. Louis, for defendants-respondents.

WOLFE, Judge.

The plaintiff-appellant instituted suit by a petition in two counts. The first count sought a judgment for damages arising out of personal injuries. It is alleged that the plaintiff was injured when he fell from the attic of Cox's home to the floor below by reason of the failure of Cox to provide him with a safe place in which to work while he was gratuitously assisting Cox with some work in the attic. The second count is against Reliable Insurance Company which insured Cox against liability. It alleges a breach of agreement by the insurer with the plaintiff to pay plaintiff for loss of earnings by reason of his injuries. The defendant moved for a separate trial of the counts and the motion was sustained. Count I against Cox was tried to a jury and it resulted in a verdict and judgment in favor of Defendant Cox. Reliable Insurance Company later moved for a summary judgment on Count II of the petition and the motion was sustained and judgment entered for the defendant insurer on Count II.

On January 10, 1966, trial was had on Count I of the petition wherein Cox was the sole defendant. The evidence of the plaintiff was that Cox, who was his brother-in-law, asked him to help him move a gas stove in the kitchen. This required a re-arranging of some pipes that were in the attic. Both of them went to the attic which had no floor and while stepping from one beam to another the plaintiff's foot went between the joists and he fell through the plaster of the ceiling below to the lower floor. In view of the disposition we must make of this appeal it is unnecessary to set out fully the evidence presented.

The cause was submitted to the jury on January 11, 1966, and, as stated, there was a verdict and judgment for Defendant Cox. On April 26, 1966, the court overruled plaintiff's motion for a new trial. No appeal was taken. On August 30, 1966, the defendant insurance company in Count II filed a motion for summary judgment and the motion was sustained and the court entered the judgment in favor of Defendant Reliable Insurance Company on September 16, 1966. After an unavailing motion for a new trial the plaintiff appealed "from the judgment entered in this action on the 16th day of September, 1966."

The appellant here seeks a review of both judgments entered. Even if not raised by parties we must determine if the judgment on Count I is properly before us for review as that is a matter of our jurisdiction. If a notice of appeal is not timely filed we are without jurisdiction of the case and required to dismiss the appeal. Fagan v. Hamilton Bank, Mo., 327 S.W.2d 201. Section 512.050, RSMo., V.A.M.S., provides:

"When an appeal is permitted by law from a trial court and within the time prescribed, a party or his agent may appeal from a judgment or order by filing with the clerk of the trial court a notice of appeal. No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final. * * *"

In the matter before us no notice of appeal from the judgment on Count I was ever filed.

If the plaintiff relied upon the general rule that a judgment, to be appealable under § 512.020, RSMo, V.A.M.S., must dispose of all issues and parties in a case he overlooks the fact that § 512.020 is modified

by Supreme Court Rule 82.06, V.A.M.R. Bays v. Lueth, Mo., 323 S.W.2d 236. Rule 82.06 provides:

"When a separate trial of any claim, counterclaim or third-party claim is ordered in any case and a jury trial thereof is had, the separate judgment entered upon the verdict therein shall be deemed a final judgment for the purposes of appeal within the meaning of Section 512.020, Revised Statutes of Missouri. * * *"

We therefore hold that no appeal, insofar as Count I is concerned, is before us as the judgment was final and unappealable before Count II was tried.

As to Count II, the plaintiff alleges that the Reliable Insurance Company of Dayton, Ohio had insured Defendant Cox against liability or casualty such as set out in Count I. He alleges that an adjuster for the insurance company " * * * offered and proposed to plaintiff that plaintiff refrain from engaging legal counsel and refrain from instituting court proceedings, and that defendant Reliable would reimburse plaintiff for his hospital and medical expenses and his lost earnings, in full discharge of plaintiff's claim against defendant Cox; such payment to be made by defendant Reliable upon plaintiff's release from active medical treatment." He further alleged that the plaintiff accepted the offer and " * * * Said defendant reimbursed plaintiff for his medical care up to November 5, 1962, but not thereafter, but declined and refused to reimburse plaintiff for his lost earnings in the sum of $679.20." He sought a judgment for the $679.20 loss of earnings and medical expenses of $98.00 and $2,000.00 attorney's fees. The defendant in its answer admitted that it had an insurance policy in effect insuring Cox against liability but denied all other allegations in the petition.

In its motion for summary judgment on Count II the Reliable Insurance Company stated that the trial on Count I had taken place and resulted in a verdict for the defendant, Virgil Cox. It further stated that plaintiff's decision to proceed to trial on Count I constituted an election of remedies and an abandonment of the alleged settlement agreement.

As stated, the trial court sustained the motion and entered a judgment for the defendant insurer. In due time an appeal was perfected as to that judgment. The appellant asserts that the pleadings and the record show that there were genuine issues in evidence to be determined by a jury and that defendant has not shown that he is entitled to a summary judgment. We are cited to Nelson v. Browning, Mo., 391 S.W. 2d 873; Merriman v. Caton, Mo., 395 S.W. 2d 106; Cooper v. Finke, Mo., 376 S.W.2d 225. We have examined these cases and find that they have no factual or legal application to the matter here considered. They deal with facts to be determined before a judgment could be entered. Here there was no question of facts before the trial court nor is there before us, if the court properly held that the trial upon Count I constituted an election of remedies and a disavowal of the agreement alleged in Count II.

This court passed upon a remarkably similar situation in Baker v. Aetna Casualty & Surety Co., Mo.App., 193 S.W. 2d 363. As stated therein, l.c. 367: "So far as the question of election of remedies was concerned, the plaintiffs, having purportedly negotiated settlement agreements, had their choice, when defendant repudiated such agreements, of standing on them as they did, or of abandoning any claim on such agreements and seeking redress by actions for damages. * * * The prosecution of one remedial right to judgment, whether the judgment be for or against the plaintiff, is a decisive act constituting a conclusive election, and barring the subsequent prosecution of an inconsistent remedial right. * * *"

Here the party had but one cause of action, one right infringed and one wrong to be redressed. His election of one remedy

excluded the other. For the reasons stated, the judgment is affirmed.

ANDERSON, P. J., and GEORGE W. CLOYD, Special Judge, concur.

RUDDY, J., not participating.