**Otis L. KERR, Respondent,**

v.

**GRAND FOUNDRIES, INC., Appellant.**

**No. 54488.**

Supreme Court of Missouri,
Division No. 1.

March 9, 1970.

Ivella Elsey, Wayne C. Smith, Jr., Springfield, for plaintiff-respondent.

Miller, Fairman, Sanford, Carr & Lowther, William P. Sanford, Daniel, Clampett, Ellis, Rittershouse & Dalton, Ransom A. Ellis, Jr., L. W. Hannah, Springfield, for defendant-appellant.

HERBERT LASKY, Special Judge.

This is an action by a discharged employee against his former employer. In Count I plaintiff asks for compensatory damages of $10,000 and punitive damages of $50,000 for the defendant's alleged act in giving plaintiff a false service letter. In Count II plaintiff asks for compensatory damages of $1,000 and punitive damages of $25,000 for defendant's alleged act in hiring a person of known questionable character for the sole purpose of having said person agitate plaintiff into a fight, thus giving defendant the right to discharge plaintiff, ostensibly for good cause.

The court entered summary judgment for defendant as to Count I, but denied such relief as to Count II. Count II alleges agency of one Blumer, alias McLaughlin, for defendant and an assault by said Blumer in the course of his agency.

Thereafter, the cause was set for trial on June 17, 1968, and on the 14th day of June 1968, the plaintiff filed a request to continue and reset the case for the reason that despite serious efforts to do so, from and after the 1st day of June, the plaintiff had been unable to take the deposition of one Marvin Blumer, a material witness in this cause. On June 17, the trial court sustained plaintiff's motion for a continuance, making the following order:

"Parties appear, Jury available for trial. Plaintiff's request continuance on motion filed. Defendant opposes continuance except on stipulation that Plaintiff waives right to take voluntary non-suit at any subsequent date. Plaintiff consents and agrees to such step. Court therefore grants motion for continuance based upon Plaintiff's agreement to fore-

go right of voluntary non-suit at subsequent date, and sets cause for trial on September 30, 1968 with agreement of parties."

Subsequently, owing to the fact that plaintiff's counsel would be engaged in the trial of a criminal case on September 30th, the court reset the cause for October 3, 1968. Prior thereto, plaintiff caused a subpoena to be issued out of the Circuit Court of Greene County, Missouri, commanding one Ronnie Grimes, of Willow Springs, Missouri, to appear on the 3rd day of October 1968, which subpoena was delivered to the sheriff of Howell County.

On October 2, 1968, the sheriff made a return on service of said subpoena, that he had attempted to serve it on the 30th day of September, and that the witness was not found; witness, Ronnie Grimes was incarcerated in the Missouri State Penitentiary.

On October 3, 1968, plaintiff again moved for a continuance. This time it was asserted that plaintiff had been unable to subpoena a material witness, one Ronnie Grimes, for the above stated reason. The motion for a continuance included the following statement:

"That the testimony of this witness is material to Plaintiff's case in that this witness will establish that during the time that Plaintiff was employed by the Defendant, the President of Defendant corporation was engaged in anti-union activity; that Plaintiff, Otis Kerr, was actively supporting a union; that these facts, together with the circumstances of and duration of the employ of Marvin Blumer by the Defendant and proof by Plaintiff of an unprovoked attack upon Plaintiff by said Blumer are material to the conclusion that Blumer was employed to promote an apparent fight and to so justify the discharge of Plaintiff as an employee * * * that to Plaintiff's knowledge, Ronnie Grimes was living in Willow Springs, Missouri, as recently as June of 1968 * * * this witness Ronnie Grimes, if called to testify, would state that he was employed by Defendant

in 1964, and that he was paid money by Defendant for anti-union activities up to and including May of 1964; that on three different occasions, he was paid in cash, a total of $1,700.00, by Louis Gene Hutchens, President of Grand Foundries, Inc., for said anti-union activities * * *."

Defendant opposed such continuance and there followed a discussion of the granting of the continuance. The trial court then said:

"Let the record show that the plaintiff's counsel has inquired of defendant's counsel whether or not they would admit the contents of the affidavit, and they have stated that they would not. The Court feels that this case ought to go ahead and go to trial. I question the materiality of the testimony. I don't limit my reasons for that but I just feel that there is not a fairness to all parties in this case—this case ought to proceed to trial, so the motion for continuance will be overruled."

After the motion was denied plaintiff's counsel requested "10 or 15 minutes to discuss this matter with my client." The trial court read the order of June 17th aloud so that "there won't be any question about it." Plaintiff's counsel then asked for permission "to voluntarily dismiss this case without prejudice at this time." His explanation and justification was belief that he could not make a case without the testimony of Grimes, whose confinement in the penitentiary he had been unaware of until the morning of October 1st. Defendant's counsel objected, stating, "The defendant objects to this and asks that the Court either put the matter to trial or dismiss it with prejudice in accordance with the stipulation and agreement made in the last motion for continuance as filed by the plaintiff."

The trial court granted plaintiff's request for voluntary dismissal, stating:

"My feeling is that I ought to let you go ahead and dismiss without prejudice,

but I don't think that you should be entitled to re-file without payment of all the costs."

Thereafter, on October 18, 1968, the defendant filed a motion to set aside the court's order allowing plaintiff leave to dismiss without prejudice and to dismiss plaintiff's petition with prejudice, which was overruled. Appellant asserts:

" * * * having granted plaintiff's motion for continuance in June, 1968, upon the stipulation that plaintiff waived the right to take a voluntary non-suit at any subsequent date, to which action plaintiff consented, and having re-set the cause for trial on October 2, 1968, the Court erred in granting plaintiff's motion for leave to dismiss voluntarily without prejudice, which motion was made orally on October 2, 1968, after another motion for continuance had been denied."

Appellant relies upon Fenton v. Thompson, 352 Mo. 199, 176 S.W.2d 456. In the Fenton case, supra, plaintiff sued defendant to recover damages of $50,000 for injuries sustained when plaintiff's automobile collided with one of the defendant's trains at a street crossing. During the course of the trial plaintiff took a voluntary non-suit and the court entered a judgment of dismissal (176 S.W.2d l. c. 458):

"The judgment appealed from recites that 'after hearing the instructions of the court and argument of counsel in the case, the jury retires to consider its findings and afterwards, on the same day, and before the jury returns a verdict, comes the plaintiff, by her attorneys of record, and in open court files a written voluntary non-suit in this cause.' * * *"

On the merits of the Fenton case, the court held the plaintiff's voluntary non-suit was taken after the cause had been finally submitted. The cause was accordingly reversed and remanded, with directions to enter judgment of dismissal with prejudice.

The appellant contends that the situation in the case at bar is identical, that the voluntary dismissal without prejudice violated the provisions of the statute authorizing such dismissal, violated the solemn agreements reflected by, and the plain provisions contained in, the order of June 17, 1968, and that defendant did not receive all to which it was legally entitled.

■ The right to a non-suit has never been regarded as an absolute right, Rozen v. Grattan (Mo.App.) 369 S.W.2d 882. We conclude that Fenton v. Thompson, supra, rules the issue of the right to appeal a judgment of voluntary dismissal without prejudice after submission. The case at bar is distinguishable in that the judgment of voluntary dismissal without prejudice was granted prior to submission.

■ The right to voluntary dismissal without prejudice before submission should be qualified to the extent that if there be a finding that defendant will lose some right of defense, or the plaintiff will gain some undue advantage, leave to dismiss should not be granted, Aubuchon v. Ayers (Mo. App.) 400 S.W.2d 472.

■ This court ordinarily defers to the findings of fact of a trial division. It would seem that the trial court, after hearing the parties, and in spite of the alleged waiver held that in its judgment, under all the circumstances, plaintiff should be granted leave to dismiss without prejudice. The trial court found there was no binding waiver and we must conclude that appellant would not lose any right of defense, and that respondent was to gain no undue advantage.

It should be noted that appellant introduced no evidence relating to either of the two reasons for not allowing a dismissal without prejudice.

Judgment affirmed.

SEILER, P. J., and HOLMAN, J., concur.

STORCKMAN, J., not sitting.