Otis KERR, Plaintiff-Appellant,

v.

GRAND FOUNDRIES, INC.,
Defendant-Respondent.

No. 9431.

Missouri Court of Appeals,
Springfield District.

June 12, 1975.

Motions for Rehearing or Transfer
Denied July 7, 1975.

Application to Transfer Denied
Sept. 8, 1975.

Ivella Elsey, Springfield, Charles C. Shafer, Jr., Howard Chamberlin, Kansas City, for plaintiff-appellant.

B. H. Clampett, Ransom A. Ellis, Jr., J. Miles Sweeney, Daniel, Clampett, Ellis, Rittershouse & Dalton, William P. Sanford, James P. Ferguson, Miller, Fairman, Sanford, Carr & Lowther, Springfield, for defendant-respondent.

HOGAN, Judge.

In this case plaintiff Otis Kerr seeks to recover actual and punitive damages under our Service Letter statute, § 290.140, RSMo 1969, V.A.M.S., and in a second count claims actual and punitive damages for personal injuries as a result of an assault made by one Blumer, alias McLaughlin, on the theory that the defendant induced McLaughlin to assault the plaintiff. Various aspects of the controversy—in defendant's view the whole controversy—have been litigated before. See N. L. R. B. v. Grand Foundries, Inc., 362 F.2d 702 (8th Cir. 1966); *Kerr v. Grand Foundries, Inc.,* 451 S.W.2d 26 (Mo.1970). The parties have stipulated that the "official files" of the court in both cases be filed here. That has been done; we have accordingly taken judicial notice of the decree of the United

States Court of Appeals for the Eighth Circuit and the mandate of our Supreme Court. Reference may be had to the opinion filed and reported in *N. L. R. B. v. Grand Foundries, Inc., supra,* 362 F.2d 702, for the general factual background of the case.

■ Following issuance of the Supreme Court's mandate in *Kerr v. Grand Foundries, Inc., supra,* 451 S.W.2d 26, apparently with leave of court, plaintiff filed a slightly amended petition. Responsive pleadings were filed, the cause was put in issue, and the defendant moved for summary judgment on both counts. The trial court granted the motion and entered judgment for the defendant. Plaintiff appealed to the Supreme Court. On motion, that court transferred the appeal here. The trial court's action was in effect a determination that as a matter of law there was no issue of fact to be tried, and our duty is to review that determination as we would any other bench-tried case. *Swink v. Swink,* 367 S.W.2d 575, 577–578[1–3] (Mo.1963).

The general subjects involved on this appeal—federal preemption of all jurisdiction in certain fields, and the extent to which a judgment in one case acts as an estoppel in subsequent litigation—are rather complex and the decisions relevant to the merits of this appeal are themselves somewhat difficult to follow. To illustrate, the trial court's reason for granting the motion for summary judgment on Count One of plaintiff's petition was that plaintiff's cause of action had been preempted by federal statute, specifically § 8(a)(3) of the National Labor Management Relations Act, as amended, 29 U.S.C.A. § 158(a)(3), which prohibits discriminatory discharge of employees for union activity. The United States Court of Appeals held in its decree that the plaintiff was not discriminatorily discharged in violation of 29 U.S.C.A. § 158(a)(3). Having concluded that the cause of action asserted by plaintiff in Count One had been preempted by federal statute, the trial court held that Count One presented no issue for adjudication in a state court, and even if there were no preemption, the doctrine of collateral estoppel barred plaintiff's relitigation of the issues tendered therein. As for Count Two, the trial court reasoned that the factual issues pleaded had already been litigated in the federal proceeding, and the plaintiff was estopped from relitigating those issues by the federal decree.

■ Determination of the issue of federal preemption in this particular case would require careful factual distinction between the conduct asserted as a basis for recovery and similar activity redressed by the National Labor Management Relations Act, and probably an assessment of the General Assembly's purpose in enacting present § 290.140. *Motor Coach Employees v. Lockridge,* 403 U.S. 274, 297–298, 91 S.Ct. 1909, 1923–1924, 29 L.Ed.2d 473, 489[11] (1971); *San Diego Bldg. Trades Council v. Garmon,* 359 U.S. 236, 243–244, 79 S.Ct. 773, 778–779, 3 L.Ed.2d 775, 782 (1959). Likewise, appellate review of the trial court's ruling that Count Two cannot be relitigated because the doctrine called "collateral estoppel" precludes relitigation would depend finally upon a careful analysis of the facts to distinguish the ultimate issues in the federal case from those which were merely evidentiary or inferentially involved. *Drennen v. Wren,* 416 S.W.2d 229, 233–234[7, 8] (Mo. App.1967); Polasky, Collateral Estoppel— Effects of Prior Litigation, 39 Iowa L.Rev. 217, 237–239 (1954).

We discuss the appeal in these general terms simply to show that rather complex issues are involved. The state of the record is similar to that presented in *In re Estate of James,* 459 S.W.2d 536 (Mo.App.1970). We have both the relevant and wholly irrelevant parts of the record in three cases, without collation and without specification of the particular evidence which proves the trial court erred. In addition, the appellant's abstract "points relied on" are in no way correlated with the facts or to the trial court's ruling. As we have said before, technical perfection in the presentation of

an appeal is not required, but in this case, as in *State ex rel. Mayfield v. City of Joplin,* 485 S.W.2d 473, 476[7–10] (Mo.App. 1972), the appellant's brief is wholly inadequate to advise us of the legal principles he conceives to be controlling, or of the manner in which he believes the trial court erred in applying the law to the facts. It is not our duty, and in fairness, we cannot become advocates for the appellant. *Schlanger v. Simon,* 339 S.W.2d 825, 828[1–3] (Mo.1960). The judgment is therefore affirmed.

All concur except FLANIGAN, J., not participating because not a member of the court when the cause was submitted.