**Adele MITCHELL, Plaintiff-Appellant,**

**v.**

**COMMERCIAL STANDARD INSURANCE COMPANY, Defendant-Respondent.**

**No. 41847.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 23, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 13, 1981.

Application to Transfer Denied
April 6, 1981.

William R. Hirsch, Clayton, for plaintiff-appellant.

Emmett O'Brien, St. Louis, for defendant-respondent.

CRIST, Presiding Judge.

Defendant's motion to dismiss plaintiff's "claim for relief" was sustained by the trial court. Plaintiff appealed. We affirm.

This case arose out of a policy of insurance which protected against fire loss of certain premises at 3000–02 St. Vincent, St. Louis, Missouri. The four-family flat which previously existed at this address was allegedly destroyed by fire and, according to plaintiff, was a total loss insurable up to $26,000.00 as expressed in the contract.

Plaintiff, however, was not a member of the named insureds who were Thomas and Sandra Venezia, the owners, and Kimberly Investment Corporation, the mortgagee.

Unable to collect from defendant under the contract, plaintiff filed two suits, contemporaneously, against the same insurer defendant in the same circuit court concerning the same property and policy. Plaintiff's case number "one" sounded in equity; was assigned to an equity division of the circuit court; sought reformation of the insurance contract which would denote plaintiff as a named insured (plaintiff claimed her interest via a deed of trust on the property); and, alleged she had "no adequate remedy at law." Plaintiff's case number "two", which was assigned to a law division, alleged that plaintiff was the lawful assignee of the named mortgagee (for the valuable consideration of $1.00), and sought damages under the policy of $21,645.19, plus interest.

Although each suit wound its own circuitous way until the suit in the equity division culminated in a decision, to facilitate understanding and for the sake of brevity, we will treat the two cases as one suit filed in two counts.[1]

Given the factual circumstances regarding plaintiff's choice to pursue several actions (and the theories each action advanced), several legal maxims or precepts might well be considered applicable. Any of which could, if followed to its logical conclusion, result in affirmance: These include, but are by no means limited to, cause splitting, res judicata, and estoppel by judgment. *Dunn v. Pickard*, 284 S.W.2d 6, 10 (Mo.App. 1955); *Gerhardt v. Miller*, 532 S.W.2d 852, 854 (Mo.App. 1975); *St. Bethel Missionary Baptist Church v. St. Louis Builders, Inc.*, 388 S.W.2d 776, 779 (Mo. 1965).

■ Rule 55.06 permits a plaintiff to plead what are, in essence, two inconsistent

1. Reference is hereby made to plaintiff's first appeal attempt. See *Mitchell v. Commercial Standard Insurance Co.*, 565 S.W.2d 184 (Mo. App. 1978). The defect noted therein, concerning the pendency of defendant's counterclaim, has been cured by virtue of a circuit court memo file dated 7/2/79. Further, discussion of her earlier appeal would not be germane to the issues now presented.

claims, but an election must eventually be made. *State ex rel. Hilleary and Partners, Ltd. v. Kelly*, 448 S.W.2d 926, 931 (Mo.App. 1969). Under the theories plaintiff advanced in her two "counts", she was either a named insured via reformation, or, a legal assignee. Because her claims were inconsistent theories of recovery under the same insurance contract, she could not be both. *Tracy v. Aldrich*, 236 S.W. 347, 353 (Mo. 1921).

Plaintiff elected to go to trial on the reformation "count" which "count" the trial court denied on March 28, 1975. On November 16, 1975, the trial court dismissed her count which propounded the theory that she was a legal assignee. The trial court was justified in its dismissal of the second "count" because the order which denied her reformation was an order which became final (and a judgment from which she failed to prosecute a timely appeal), and operated as a bar to the second "count." *Dombroski v. Cox*, 431 S.W.2d 680, 682 (Mo.App. 1968).

Plaintiff, having pursued her remedial right to judgment on reformation, made an election which barred her from pursuit of the inconsistent remedial right of proceeding as a legal assignee. *Dombroski, supra*, at 682. Had plaintiff been successful in the reformation suit, she would have had a course of action as a named insured, but not as an assignee. See *King v. Guy*, 297 S.W.2d 617 (Mo.App. 1957). In this respect, her two theories were mutually exclusive. And, when the reformation suit became final, the litigation ended. Also, see *Grand River Tp., DeKalb County v. Cooke Sales & Service, Inc.*, 267 S.W.2d 322, 323–324 (Mo. 1954).

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.