Norma SMITH, Appellant,

v.

A.H. ROBINS COMPANY, Defendant,

and

Robert L. Corder, M.D., and Edmond Kline, M.D. and Kline and Corder, M.D.'S, Inc., Respondents.

No. WD 36476.

Missouri Court of Appeals,
Western District.

Dec. 17, 1985.

Robert O. Oberlander, William T. Session, Karen D. Wedel, Linde, Thomson, Fairchild, Langworthy, Kohn and Van Dyke, P.C., Kansas City, for respondent Corder.

Thomas N. Sterchi, Timothy S. Frets, R. Douglas Gentile, Baker and Sterchi, Kansas City, for respondent Kline and Kline & Corder.

Before CLARK, C.J., and KENNEDY and BERREY, JJ.

CLARK, Chief Judge.

This case presents various questions associated with an attempt by a plaintiff in an action for damages based on negligence to dismiss the cause without prejudice after the trial court had indicated its intention to sustain a defendant's motion for summary judgment. The procedural aspects of the case will be discussed, primarily for the edification of the parties and the trial court, but the ultimate disposition must be a dismissal of the appeal because the judgment in question lacks finality.

Appellant Norma Smith filed a medical malpractice suit on May 1, 1984 against A.H. Robins Co., Edmond Kline, M.D., Robert L. Corder, M.D. and Kline and Corder, M.D.'S, Inc., a professional corporation. Between July and September of 1984, the individual defendants and their professional corporation filed motions for summary judgment supported by affidavits and plaintiff's answers to interrogatories. The basis for all the motions was the defense of the statute of limitations. On September 28, 1984, according to the court's later recorded entry, the motions came on for hearing, evidence was adduced and counsel argued the motions. The motions were taken under advisement.

The next proceedings in the case occurred on October 15, 1984 when the trial judge recorded the following entry in his minute book: "10–15–84, motions sustained.—MS." On the same date, the judge sent a letter to counsel in which he said: "I find that the motions for summary judgment should be sustained * * * De-

Ernest H. Fremont, Jr., Bert S. Braud, Popham, Conway, Sweeny, Fremont & Bundschu, P.C., Kansas City, for appellant.

fendants' attorneys should furnish the appropriate order for file purposes, which will be effective the date of signing." On October 29, 1984, the order supplied in response to this directive was signed by Judge Steeb and included the following recitation: "This Order implements my ruling of October 15, 1984 and is designated a final judgment within the meaning of R.S.Mo. Section 512.-020 and Supreme Court Rule 81.06."

Three days before the order last mentioned was signed by the judge, plaintiff's attorney filed a voluntary dismissal in the clerk's office. The dismissal purported to be "pursuant to Rule 67.01" and was only as to the defendants who are the respondents in this appeal. The cause continued as to defendant A.H. Robins Co., which had not been involved in the summary judgment motions and the statute of limitations defense. In a subsequent letter to the attorneys in the case, Judge Steeb reported that the order of October 29 had been signed without any knowledge on his part of the filing of the dismissal which had been accepted by a clerk and placed in a file drawer.

On this appeal, plaintiff below contends the entry of October 29, 1984 granting summary judgment to the medical doctor defendants and their professional corporation was in excess of the court's jurisdiction because on that date, by reason of the dismissal filed October 26, 1984, the court no longer had jurisdiction over those defendants to enter any judgment. This contention and the facts described present the initial question of when the judgment for the defendants was effective.

 The general rule in Missouri is that the docket entry recorded by the trial judge constitutes the judgment in the case, at least for calculating the entitlement to prosecute an appeal and the time in which to file notice. *Byrd v. Brown,* 641 S.W.2d 163, 166 (Mo.App.1982). This rule presupposes that the docket entry was intended by the court to be a determination of the rights of the parties. The court may, however, defer the effective date of the docket entry if the record discloses that to have been the intention of the court where, for example, a formal judgment is to be prepared by the prevailing party. *Byrd v. Brown, supra; Orgill Bros. and Co., Inc. v. Rhodes,* 669 S.W.2d 302 (Mo.App.1984).

In the present case, the trial judge entered in his docket book a record of his determination then made on defendants' motions for judgment. That disposition sustaining the motions is plain and unambiguous. The letter to counsel advising of the ruling adds the element of postponement not reflected in any docket entry. Thus, the letter and the recorded disposition are in conflict as to the finality of the disposition. The intention of the judge to qualify his ruling was simply not recorded. The formal order entered October 29 does little to rectify the ambiguity. If, as the order indicates, the ruling was made on October 15 (" * * * my ruling of October 15, 1984 * * * "), the formal entry merely records in greater detail that which was already accomplished.

The only case cited by plaintiff to support her contention that the judgment here was interlocutory until October 29 is *Hobgood v. Neely,* 139 Ga.App. 135, 228 S.E.2d 30 (1976). There, the court orally announced a ruling from the bench but, on the same day and before the disposition was recorded, the plaintiff filed a voluntary dismissal. The Georgia court held a dismissal filed before entry of the judgment is effective even though the court had previously informed the parties orally of the intended disposition. Even were Georgia law to be regarded as persuasive, the case is not in point because the purported dismissal at issue here was filed after the judgment disposition was recorded.

Independent research has disclosed two cases which bear on the issue, although neither involves an attempted dismissal after entry of judgment. In *Orgill Bros. and Co., Inc. v. Rhodes,* 669 S.W.2d 302 (Mo.App.1984) the issue was timeliness of filing a notice of appeal. There, the trial court had requested defendant to prepare a formal decree which the court later signed. The opinion held the time for filing the

notice of appeal ran from the date the formal entry was signed and not the date of the earlier docket entry. *Munn v. Garrett,* 666 S.W.2d 37 (Mo.App.1984) presented the question of whether an order granting a new trial had been made within the thirty day period allowed the trial court under Rule 75.01. Again, the formal judgment was prepared by the attorney representing the prevailing party and was signed several days after the docket entry. It was conceded that counsel for both parties understood the formal judgment to be prepared would incorporate the conclusions the court had announced from the bench. The formal entry was held to govern the running of the thirty day period.

The facts in the present case contain some, but not all of the elements of the two cases last cited. It is not disputed that Judge Steeb's letter was received by respondents' attorneys and that it clearly expressed the court's intention to defer the effect of the judgment until the formal entry was signed. Unfortunately, that entry when it was prepared did not reflect the deferral in apt language nor did it even record the undisputed fact that after the September 28 hearing, the court took the motions under advisement. The language "This Order implements my ruling * * *" was ill chosen because it has no recognizable legal significance. The judgment was entered either by the prior docket notation or by the formal order. Implementation suggests execution or enforcement, not a pronouncement of judgment.

 If the issue in this case were to involve rights of third parties or any interests beyond those of the present litigants, the letter from the court to counsel indicating deferral of the effective date of the judgment would be extra-judicial and could not be considered in vitiating the otherwise final determination of respondents' motions recorded on the court's docket. On the authority of *Orgill Bros.* and *Munn,* however, it would seem that the expressed intent of the court as to the effective date of a judgment is sufficient to bind parties to whom the information is communicated.

The judgment in this case was therefore on October 29, 1984 when the formal order was signed.

The foregoing conclusion necessitates consideration of what effect is to be given the October 29 judgment, entered as it was some three days after appellant had filed her voluntary dismissal. We conclude, in the alternative, either the dismissal was ineffective because leave of court or written consent of the adverse party was not obtained as required by Rule 67.01 or, the dismissal was with prejudice as provided in Rule 67.03.

 Rule 67.01 states that a plaintiff may dismiss a civil action without prejudice at any time prior to the introduction of evidence at the trial. A hearing on a motion for summary judgment is a trial before the court without a jury. *Redeker v. Bradbury,* 680 S.W.2d 403 (Mo.App.1984). Summary judgment constitutes a final judgment on the merits and constitutes a bar to future litigation on the same cause of action. *Dragna v. Auto Owner's Mutual Insurance Co.,* 687 S.W.2d 277 (Mo.App. 1985). In the case of a summary judgment disposition, a hearing on a motion for summary judgment may constitute "the trial" for Rule 67.01 purposes if it results in a disposition of the case on the merits.

 In the present case, the final disposition of appellant's claims against respondent was reflected in the judgment entry of October 29, 1984 which determined that the claims were barred by the statute of limitations. Not only did the judgment finally settle this aspect of the case but it also decided there was no merit to appellant's contention that the statute was tolled by continuance of medical treatment as she claimed. The issues presented required the introduction of evidence and the judgment entry so states. It necessarily follows that appellant could not dismiss her petition without prejudice after the hearing on the summary judgment motion unless by leave of court or by stipulation. The application of the rule is especially warranted where, as here, the attempted dismissal comes after the indicated ruling by the court

against the plaintiff. The dismissal filed by appellant was, at a minimum, ineffective to avoid the consequence of the judgment rendered three days later.

Alternatively, if appellant does not accept the ineffectiveness of the purported dismissal filing it may be that entry of judgment was precluded by the dismissal but, in that event, the dismissal was with prejudice. Rule 67.03 provides that any voluntary dismissal other than one to which a party is entitled without prejudice shall be with prejudice unless the court orders it to be otherwise. After the introduction of evidence on the summary judgment motion, appellant could not dismiss without prejudice unless the court granted leave or respondents agreed. Neither assent was given according to the record here and thus, under Rule 67.03, if the cause was dismissed, it was with prejudice.

▉ The foregoing observations as to the effect of appellant's attempted partial dismissal of her cause are deemed to have been necessary in the circumstances of the case but they are essentially dicta. Although the trial court designated the judgment from which this appeal is prosecuted to be a final judgment under Rule 81.06 for purposes of appeal, that designation is not binding on the appellate court. *Erslon v. Cusumano,* 691 S.W.2d 310 (Mo.App.1985). A Rule 81.06 designation cannot convert a partial disposition into a final appealable judgment if other claims remain pending against other parties seeking redress for the same wrong on alternate theories. *Redeker v. Bradbury, supra.*

▉ In this case, appellant sought recovery for injuries allegedly suffered from the use of an intrauterine contraceptive manufactured by defendant A.H. Robins Co., inserted by defendant Dr. Kline and removed by defendant Dr. Corder. The injuries are all claimed to have originated from use of the Dalkon Shield contraceptive although the theories for recovery from the several defendants varied. As was noted at the beginning of this opinion, the summary judgment which is the subject of this appeal did not reach appellant's claims against A.H. Robins Co.

There is no showing that the remaining claims against A.H. Robins Co. are in any way dependent on resolution of the dispute prompting this appeal or that the controversy between appellant and respondents constitutes an independent and distinct judicial unit which is to be adjudged without reference to the claim against A.H. Robins Co. To the contrary, this is merely a case in which plaintiff seeks recovery from various defendants for a single injury and its consequences. The Rule 81.06 designation notwithstanding, this is a piecemeal appeal of a partial disposition in the case which the court is precluded from undertaking.

The appeal is dismissed.

All concur.