**John and Leola McGLOTHIN,
Plaintiffs-Appellants,**

v.

**EIDELMAN & TRAUB, INC., Newman,
Goldfarb & Freyman, and Jay B.
Umansky, Defendants-Respondents.**

**No. 51648.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 28, 1987.

Mark R. Bahn, St. Louis, for plaintiffs-appellants.

Michael F. Flavin, St. Louis, for Eidelman & Traub.

R.E. Keaney, St. Louis, for Newmar Goldfarb, Freyman & Umansky.

CRANDALL, Judge.

Plaintiffs, John and Leola McGlothin, appeal from the grant of summary judgment in favor of defendants, Eidelman & Traub, Inc., Newman, Goldfarb & Freyman, and Jay Umansky. We affirm.

The standard of appellate review in a summary judgment proceeding has been oft-stated and need not be repeated in this opinion. *See, e.g., First Nat'l Bank of St. Charles v. Chemical Products, Inc.,* 637 S.W.2d 373, 375 (Mo.App.1982). We consider the record in light of that standard.

The record reveals that, in December, 1981, defendant, Newman, Goldfarb & Freyman, and defendant, Jay Umansky, (collectively referred to as attorneys), brought an action on behalf of Eidelman and Traub (dentists) against plaintiffs for the collection of $873 for dental services rendered to plaintiff, Leola McGlothin. Plaintiffs were served with process on August 24, 1982. On September 9, 1982, plaintiffs paid $673 directly to the dentists. Two payments of $100 each had been made previously on January 15, 1982 and on April 12, 1982.

On October 4, 1984, the trial court rendered a default judgment against the plaintiffs in the amount of $873, plus interest of $100 and costs of $62. Attorneys subsequently caused a garnishment to be placed on the wages of plaintiff, John McGlothin. As a result of the garnishment, approximately $100 was deducted from his paychecks. These deductions were made despite plaintiffs notifying the dentists and their attorneys that $873 had been paid. Attorneys eventually released the garnishment.

Plaintiffs then brought the present action against dentists and attorneys. They sought actual and punitive damages for

wrongful garnishment and for abuse of process.

After a hearing, the trial court sustained dentists' and attorneys' motions for summary judgment. Thereafter, the trial court overruled plaintiffs' motion to reconsider, alternative motion to file amended pleadings, and alternative motion for leave to dismiss without prejudice.

In their first point, plaintiffs assert that the trial court erred in granting summary judgment in favor of dentists and attorneys. They concede that they do not state a cause of action for wrongful garnishment or for abuse of process. They now attempt to "bootstrap" their petition, claiming that it states a cause of action for prima facie tort.[1]

We first address the procedural aspects of plaintiffs' allegation of error. At the hearing on the motions for summary judgment, plaintiffs took the position that they were proceeding solely on a wrongful garnishment theory. Based on that, the trial court granted summary judgment in favor of defendants.

■■■ A hearing on a motion for summary judgment is a trial before the court without a jury. *Smith v. A.H. Robins Co.,* 702 S.W.2d 143, 146 (Mo.App.1985). Summary judgment constitutes a final judgment on the merits and constitutes a bar to future litigation on the same cause of action. *Id.* Further, having pursued a remedial right to judgment on one theory, a party is barred from subsequently pursuing an inconsistent remedial theory. *Mitchell v. Commercial Standard Ins. Co.,* 612 S.W.2d 378, 380 (Mo.App.1980). On appeal, a party is bound by the position he took in trial court; and the appellate court can review the case only upon the theory tried. *Spicer v. Farrell,* 650 S.W.2d 695, 697 (Mo.App.1983).

■■■ In the present case, plaintiffs elected to proceed in the trial court only on the theory of wrongful garnishment. On appeal, they disavow any other theory except prima facie tort. The prima facie tort theory was not raised or considered by the trial court. Plaintiffs are foreclosed from now raising a theory different from the theory considered and rejected by the trial court.

■■■ Aside from the procedural obstacles to plaintiffs' raising a prima facie tort claim on appeal, plaintiffs' petition does not state a cause of action for prima facie tort. The elements of the prima facie tort doctrine are: (1) intentional lawful act by the defendant; (2) an intent to cause injury to the plaintiff; (3) injury to the plaintiff; and (4) an absence of any justification or an insufficient justification for defendant's act. *Boyer v. Carondelet Savings & Loan Ass'n.,* 633 S.W.2d 98, 100 (Mo.App.1982).

■■■ We have carefully reviewed plaintiffs' petition and find that it fails to plead ultimate facts showing an absence of justification. In Paragraphs 7, 8, and 9 of their petition, plaintiffs allege that dentists took a default judgment against them which was registered in the court files and upon which attorneys subsequently executed. Plaintiffs do not allege that the default judgment on which the garnishment was based was invalid. *Compare Moon v. Tower Grove Bank & Trust Co.,* 691 S.W.2d 399, 400 (Mo.App.1985). Having conceded the validity of the underlying judgment, they cannot now collaterally attack that judgment by means of another lawsuit. Plaintiffs have therefore failed to plead an essential element of prima facie tort; i.e., an absence of justification. Plaintiffs' first point is denied.

■■■ In their second point, plaintiffs contend that the trial court abused its discretion in denying them leave to amend their pleadings in order to state a cause of action for prima facie tort. In view of our holding in Point I, the trial court did not abuse its discretion in denying plaintiffs leave to so amend their pleadings. Plaintiffs' second point is denied.

---

1. On appeal, plaintiffs originally argued that their petition "sufficiently stated a cause of action to allow [them] to proceed under the cause of action of abuse of process or prima facie tort." Later, they abandoned the abuse of process claim because they conceded that the facts did not support an action under that theory.

The judgment of the trial court is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.