Gene A. BORTON and Deborah
A. Borton, Appellants,

v.

FOREST HILLS COUNTRY
CLUB, Respondent.

No. 69236.

Missouri Court of Appeals,
Eastern District,
Division Five.

July 23, 1996.

Jeffrey T. Demerath, Thomas L. Story, Angela B. Desloge, Greensfelder, Hemker & Gale, St. Louis, for appellants.

Bryon E. Francis, Patrick J. Kenny, Armstrong, Teasdale, Schlafly & Davis, St. Louis, for respondent.

AHRENS, Judge.

Plaintiffs, Gene and Deborah Borton, appeal from the trial court's grant of summary judgment in favor of defendant, Forest Hills Country Club on plaintiffs' claims for injunctive relief and money damages due to golf balls hit onto their property from defendant's golf course. Plaintiff also appeal from the summary judgment in favor of defendant on its counterclaim asserting it had gained an easement allowing its members to hit errant golf balls onto plaintiffs' property. We reverse and remand.

The developer of defendant's golf course began to sell lots for residential use adjacent to the golf course in 1963. The developer filed and recorded a set of deed restrictions on all the residential lots adjacent to the golf course in November, 1963. Paragraph 11 of these deed restrictions recites:

All owners and occupants of any lot in the Forest Hills Club Estates Subdivision shall extend to one person, in a group of members or guests playing a normal game of golf on the Forest Hills Golf and Country Club, or their caddy, the courtesy of allowing such person or caddy the privilege of retrieving any and all errant golf balls which may have landed or remained on any lot in the subdivision. However, care shall be exercised in the retrieving of such golf ball to prevent damage to any lawn, flowers, shrubbery, or other improvement on the lot.

Plaintiffs purchased a residence adjacent to the fairway on the eleventh hole on defendant's golf course in March, 1994. The general warranty deed to plaintiffs provided that the property was subject to the set of deed restrictions and covenants. Because of the proximity of the tee boxes on the eleventh hole to plaintiffs' home, thousands of errant golf balls have been hit onto plaintiffs' property since they purchased their residence.[1]

In July, 1994, plaintiffs filed a three-count petition. In Counts I and II, plaintiffs allege the continual bombardment of errant golf balls onto their property constitutes a nuisance. Plaintiffs request injunctive relief in Count I and money damages in Count II due to the alleged nuisance. In Count III plaintiffs assert certain members of defendant's club have intentionally hit golf balls onto plaintiffs' property and request both actual and punitive damages.

Defendant filed a counterclaim, requesting the trial court to declare that it has an easement, either by express grant via paragraph 11 of the deed restrictions or by prescription, allowing its members to hit and retrieve errant golf balls onto plaintiffs' property. Both plaintiffs and defendant filed motions for summary judgment with respect to defendant's counterclaim. The trial court granted defendant's cross-motion for summary judgment on its counterclaim and also dismissed plaintiffs' nuisance claim contained in Counts I and II with prejudice. The trial court also determined that there was no just reason to delay plaintiffs' appeal under Rule 74.01(b) and this appeal follows.

When reviewing an appeal from summary judgment, we review the record in the light most favorable to the non-moving party. *ITT Commercial Finance Corp. v.*

---

1. Plaintiffs retrieved approximately 1,200 golf balls between April and October, 1994.

*Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The propriety of summary judgment is a question of law and therefore our review is essentially de novo. *Id.* Summary judgment is only appropriate if the moving party demonstrates that there are no material facts in dispute so that it is entitled to judgment as a matter of law. *Id.* at 381.

Plaintiffs first assert that the trial court's ruling was in error in that the easement granted was overly broad and conflicts with paragraph 11 of the deed restriction. We agree.

Plaintiffs concede that paragraph 11 of the deed restriction gives defendant and its members some right with respect to retrieving errant golf balls. Plaintiffs argue, however, that the right created in paragraph 11 is simply a license. Defendant contends it has an easement over the Borton's property, either by express grant via paragraph 11 in the deed restriction or by prescription.

█ Both a license and easement give the grantee the right to go onto the grantor's property for a limited use. *Gilbert v. K.T.I.*, 765 S.W.2d 289, 293 (Mo.App.1988); *Annin v. Lake Montowese Development Co.*, 759 S.W.2d 240, 241 (Mo.App.1988). A license is a personal right and as such, may be revoked at the will of the licensor. *Annin*, 759 S.W.2d at 241. An easement, by contrast, gives the grantee an interest in the property of the grantor and thus runs with the land and is binding upon successive landowners. *Gilbert*, 765 S.W.2d at 293, 28A C.J.S. § 7 Easements.

█ In the instant case, since the original developer of the property properly recorded and filed the deed restrictions, those restrictions created property interests that run with the land and are binding on successive landowners. *Wheelock v. Gibson*, 744 S.W.2d 464, 466 (Mo.App.1987); § 442.390 RSMo 1994. Thus, plaintiffs do not have the power to revoke or modify the rights granted to defendant in paragraph 11 of the deed re-

strictions. Therefore, the deed restrictions in paragraph 11 are in the nature of an easement in favor of defendant and its members to retrieve errant golf balls hit onto plaintiffs' property during a normal game of golf.

Although the trial court correctly concluded defendant has an easement over plaintiffs' property, the easement it granted defendant was overly broad. The trial court's judgment declares "defendant has an easement over and upon plaintiffs property ... to hit errant golf balls onto the aforesaid real property." This is broader than the easement granted to defendant in paragraph 11 of the deed restrictions in at least three respects. First, paragraph 11 limits each group of golfers to only one person who can retrieve errant golf balls. Second, paragraph 11 limits the retrieval of errant golf balls to those hit during a normal game of golf. Finally, paragraph 11 limits retrieval efforts by requiring that care be exercised to prevent damage to any lawn, flowers, shrubbery or other improvements on the lot.

Since the terms of paragraph 11 are binding upon the parties and run with the land, we hold that defendant was granted an express easement by paragraph 11 of the deed restrictions.[2]

Plaintiffs contend in their second point that the trial court was in error in dismissing Counts I and II of their petition. Defendant's motion for summary judgment did not request dismissal of any of plaintiffs' claims; thus the trial court essentially dismissed Counts I and II sua sponte. The trial court's ruling was apparently predicated on its assumption that once it granted defendant the easement over plaintiffs' property, plaintiffs could not recover under Counts I and II. This assumption is incorrect.

█ Plaintiffs may recover under Counts I and II if they can demonstrate that defendant's current use of the easement constitutes a greater burden to their land than

---

**2.** As plaintiffs concede, the right to retrieve errant golf balls implies that some balls will be

accidentally hit onto plaintiffs' property.

what was contemplated or intended.[3] *Karches v. Adolph Investment Corp.*, 429 S.W.2d 788, 793 (Mo.App.1968); *Farmer's Mutual Fire Ins. Co. v. Farmer*, 795 S.W.2d 104, 107 (Mo.App.1990). The defendant did not address plaintiffs' Counts I and II in its cross motion for summary judgment, and did not submit summary judgment facts to demonstrate that there is no material issue of fact in dispute as to this issue. Thus, the trial court's dismissal of plaintiffs' Counts I and II was premature and must be reversed.

The trial court's judgment granting defendant an easement over plaintiffs' property is reversed with instructions to enter judgment that defendant was granted an express easement by paragraph 11 of the deed restrictions. The trial court's dismissal of plaintiffs' Counts I and II is reversed and remanded for further proceedings.

CRANE, C.J., and TURNAGE, J., concur.

---

**3.** A landowner may also recover if it can show the grantee's use of its property is beyond the terms of the easement. *Macios v. Hensley*, 886 S.W.2d 749, 752 (Mo.App.1994). In the instant case, plaintiffs do not allege in Counts I and II that defendant's current use of their land is beyond the restrictions contained in paragraph 11.