**CITY OF CUBA, Missouri, Plaintiff,**

v.

**Ruth Ann WILLIAMS,
Defendant/Appellant,**

v.

**Melinda "Mindy" James and Sandra
Good, Third–Party Defendants/
Respondents.**

**No. 23140.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 24, 2000.

Martin Mazzei, Mazzei & Broshot, Steelville, V. Scott Williams, Hazelwood & Weber, L.L.C., St. Charles, for Appellant.

Richard W. Wood, Williams, Robinson, White, Rigler & Parker, P.C., William H. Thomas, Jr., Thomas, Birdson & Becker, Rolla, for Respondent.

JAMES K. PREWITT, Judge.

City of Cuba filed a two count petition against Appellant alleging negligent bailment of funds and conversion stemming from her employment as the collector of utility funds for the City. The petition alleges that Appellant negligently lost or converted funds in the sum of $152,052.00. Appellant subsequently sought leave of court to add James and Good as thirdparty defendants alleging a claim for contribution. Leave was granted and Appellant filed a Third Party Petition on February 23, 1999.

Third–Party Defendants James and Good (hereinafter Respondents) filed a

Motion for Summary Judgment on March 23, 1999, pleading the affirmative defense of release. Both Respondents had signed a Release between them and the City that released and discharged Respondents from any and all claims that may have resulted from the conversion or loss of funds set out in the petition.

Appellant filed an answer to the motion for summary judgment and her affidavit. The affidavit stated that affiant had been an employee of the City, that she was assisted in her job by Respondents, a brief description of Respondents' employment duties, that an investigation of the missing funds had been conducted after a "flawed audit," and that affiant believed that if the funds were missing, that Respondents were equally responsible. The affidavit did not raise any questions concerning the Release between the City and Respondents.

Summary judgment was entered in favor of Respondents on July 23, 1999. The court recited that "[p]ursuant to Rule 74.01(b) of the Missouri Rules of Civil Procedure, the Court also determines that there is no just cause to delay entering Judgment as provided herein on the portion of the action which is disposed of by this judgment."[1]

When considering appeals from summary judgments, we review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo.banc 1993). Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.*

"When a motion for summary judgment is made and supported as provided by rule, an adverse party may not rest

---

1. All parties treat this as sufficient to allow this appeal and it appears that Rule 74.01(b) was substantially complied with.

upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise supported by rule, must set forth the specific facts showing that there is a genuine issue for trial. Rule 74.04." *Cavin v. Kasser,* 820 S.W.2d 647, 649 (Mo. App.1991). Appellant did not do this, and thus her appeal must fail.

■ For her sole point on appeal, Appellant asserts that the entry of summary judgment in favor of Respondents was in error because the release was not given in good faith, was given in collusion between Plaintiff and its employees, and the release was not approved by the court prior to granting the summary judgment.

From the record, it does not appear that Appellant raised any of the arguments before the trial court that she now is asserting on appeal. On appeal, a party is bound by the position she took in trial court, and we can only review the case upon those theories. *McGlothin v. Eidelman & Traub, Inc.,* 733 S.W.2d 851, 853 (Mo.App.1987). "Good faith" for the release as provided in § 537.060, RSMo 1994, was not questioned in the answer or affidavit. Appellant is foreclosed from now raising a different theory from the theory considered and rejected by the trial court. Appellant's point is denied.

The summary judgment is affirmed.

GARRISON, C.J., and BARNEY, J., concur.