**A & E ENTERPRISES, INC., Appellant,**

v.

**CLAIRSIN, INC., Respondent,**

and

**Missouri Highways and Transportation Commission, Defendant.**

No. ED 85614.

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 30, 2005.

Andrew R. Kasnetz, St. Louis, MO, for Appellant.

Joseph Vincent Keady, Jr., Clayton, Philip E. Morgan, Jr., Chesterfield, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

A & E Enterprises, Inc. (A & E) appeals from the trial court's grant of summary judgment in favor of Clairsin, Inc. (Clairsin) in A & E's action to set aside a conveyance of real property from the Missouri Highways and Transportation Commission (MHTC) to Clairsin. A & E contends the trial court erred in granting summary judgment in Clairsin's favor because MHTC exceeded its authority under Section 227.290, RSMo 2000,[1] by failing to provide A & E with notice of its intention to sell the property and thereby rendering the conveyance to Clairsin void. Because we find there was no genuine issue of material fact and Clairsin was entitled to summary judgment as a matter of law, we affirm.

On March 6, 1964, MHTC obtained two tracts of land (Property) owned in fee simple absolute by Earnest, Josephine, Arthur, and Esther Dohacks (collectively referred to as the Dohacks). MHTC acquired the land by condemnation in connection with its construction and operation of the highways located in southern St. Louis County. The Dohacks remained the owners of other parcels of land adjoining the Property on the north and northeast sides. In August of 1978, the Dohacks formed a corporation, A & E, and the title to the adjacent parcels of land was transferred to A & E by quitclaim deed. The Dohacks are the principals and sole shareholders of A & E. Beginning in 1996, A & E leased the adjacent parcel on the north side to Dave Sinclair Ford, Inc., a.k.a. Clairsin.

On September 1, 2000, MHTC conveyed the Property in a quitclaim deed to Clairsin in exchange for $128,000. The quitclaim deed was prepared by employees of the Missouri Department of Transportation (MoDOT) and signed by MHTC Vice Chairman, Edward Douglas, and attested by Mary Ann Winters, Secretary to the MHTC.

Thereafter, on November 7, 2002, A & E filed a petition to set aside the conveyance and for damages naming Clairsin and MHTC as defendants. MHTC filed a cross-claim for declaratory judgment against Clairsin alleging the quitclaim deed was not authorized by MHTC and was therefore void. Clairsin subsequently filed a cross-claim against MHTC requesting a declaratory judgment that it was a

---

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

bona fide purchaser of the Property and that MHTC authorized the conveyance.[2] A & E, MHTC, and Clairsin each filed motions for summary judgment. A & E and MHTC both asserted in their motions for summary judgment that they were entitled to summary judgment because neither MHTC nor MoDOT gave notice of the sale to the Dohacks or A & E as required by Section 227.290, and, therefore, the conveyance was void. In its motion for summary judgment, Clairsin contended A & E was not the grantor nor in possession of the adjoining land under Section 227.290 and therefore, MHTC was not required to give notice. The trial court subsequently entered summary judgment in favor of Clairsin. A & E now appeals.

In its sole point, A & E contends the trial court erred in entering summary judgment in favor of Clairsin. A & E argues MHTC exceeded its authority pursuant to Section 227.290 by failing to provide A & E with notice of its intention to sell the Property, and therefore, the conveyance to Clairsin is void. We disagree.

■■■ Appellate review of a trial court's grant of summary judgment is essentially de novo. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We will review the record in the light most favorable to the party against whom judgment was entered. *Id.* Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* We accord the non-movant the benefit of all reasonable inferences from the record. *Id.*

■■■ The criteria on appeal for testing the propriety of summary judgment are no

different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. *Id.* The propriety of summary judgment is purely an issue of law. *Id.* Summary judgment is proper when there are no genuine issues of material facts and the movant is entitled to judgment as a matter of law. *Id.* at 380. If the non-movant cannot contradict the showing of the movant, judgment is properly entered against the non-movant because the movant has already established a right to judgment as a matter of law. *Id.* at 381.

Section 227.290 grants the MHTC authority to sell property that it no longer needs. Section 227.290 provides:

Whenever in the opinion of the state highways and transportation commission the advantageous use of any interest in land or any leasehold which has heretofore or may hereafter be acquired by the commission has ceased, the state highways and transportation commission shall have the authority to convey the same for the best available cash price by deed signed by its chairman or vice chairman and attested by its secretary; provided, however, that *before any sale shall be consummated under this section, the grantor to the state of the property offered for sale, if real estate, and if such grantor shall at the time be in possession of the adjoining land, shall be notified by written notice of the state transportation department, of such contemplated sale;* provided, that all moneys received from the disposal of any such interest in land or leasehold shall be deposited in the state treasury to the credit of the state road fund; provided further, that when any land or leasehold herein described has been donated with-

---

2. In the event the trial court set aside the conveyance, Clairsin also sought in its cross-claim against MHTC money damages for improvements to the property and indemnity for any amounts of money A & E could recover from Clairsin as damages.

out charge whatsoever, by the owner and grantor of said property to the purpose of the state highway construction or maintenance and such grantor is still in possession of contiguous property, the same shall revert to such original owner without cost to him if and when relinquished by the state.

(Emphasis added.)

Pursuant to Section 227.290, MHTC is only required to give notice to the grantor of the property if that grantor is still in possession of adjoining land at the time of the proposed sale. Here, the Dohacks were the grantors of the Property to MHTC. At the time of the sale of the Property to Clairsin, the adjoining land was owned by A & E and not the Dohacks.

 A & E contends that because the Dohacks are the principals and sole shareholders of A & E, MHTC was required to give it notice. However, a corporation is a separate entity from its incorporators and shareholders. *City of Lake Ozark v. Campbell*, 745 S.W.2d 799, 801 (Mo.App. S.D.1988). Although the Dohacks are the shareholders of A & E, A & E is a distinct and separate entity from the Dohacks themselves. Furthermore, shareholders of a corporation should not be able to choose when its form is disregarded and when it is not. *Id.* Therefore, MHTC was not required to give A & E notice of the sale of the Property because A & E was not the grantor of the Property, and Clairsin was entitled to judgment as a matter of law. The trial court did not err in granting summary judgment in Clairsin's favor. Point denied.

The judgment is affirmed.

NANNETTE A. BAKER, P.J. and SHERRI B. SULLIVAN, J., concur.