Dustin ROGERS, Petitioner–Appellant,

v.

Joseph MCGUIRE, Respondent–Respondent.

No. SD 29583.

Missouri Court of Appeals, Southern District, Division One.

July 8, 2009.

---

4. Unless otherwise noted, all references to rules are to Missouri Court Rules (2009).

Susan S. Jensen, Springfield, MO, for Appellant.

David C. Vaughn, III, Springfield, MO, for Respondent.

JEFFREY W. BATES, Presiding Judge.

Dustin Rogers (Rogers) appeals from a judgment dismissing his petition that sought an order of protection against Joseph McGuire (McGuire) pursuant to the Adult Abuse Act (the Act). *See* §§ 455.005–.090.[1] Rogers' petition alleged that: (1) Rogers is a step-father to McGuire's biological son (Son); (2) Rogers and McGuire are, therefore, adults who have a child in common within the meaning of § 455.010(5); and (3) Rogers is entitled to relief from adult abuse pursuant to the Act because he and McGuire are family members as defined by the Act. The trial court disagreed and dismissed the petition. This Court affirms.

The facts are undisputed. On August 28, 2008, Rogers filed an ex parte adult abuse petition seeking an order of protection against McGuire. The petition was prompted by an incident that had occurred the prior evening after a football practice attended by Son and coached by Rogers. The petition alleged that, as Rogers was loading children into his vehicle, McGuire "began coercing & threatening [him] with physical harm in front of his child as well as several others & their parents." The petition further alleged that McGuire "would not let up & followed [Rogers] from place to place continuing threats" until someone finally talked some sense into him. In the section identifying the relationship between Rogers and McGuire, Rogers checked the box indicating that he and McGuire "have child(ren) in common."

In December 2008, the trial court dismissed Rogers' petition after conducting a hearing. The court decided the petition failed to state a claim for relief because Rogers and McGuire were not adults who have a child in common so as to make them family or household members as defined by § 455.010(5). This appeal followed.

The interpretation and application of § 455.010(5) presents a question of law which this Court reviews *de novo* without deference to the trial court's decision. *See* *Smith v. Shaw,* 159 S.W.3d 830, 833 (Mo. banc 2005); *McKinney v. State Farm Mut. Ins.,* 123 S.W.3d 242, 245 (Mo.App. 2003). The primary rule of statutory anal-

---

1. All references to statutes are to RSMo Cum. Supp. (2008) unless otherwise specified.

ysis is to ascertain the intent of the legislature, as expressed in the words of the statute, and to give effect to that intent whenever possible. *Finnegan v. Old Republic Title Co. of St. Louis, Inc.,* 246 S.W.3d 928, 930 (Mo. banc 2008); *Sheedy v. Missouri Highways and Transp. Comm'n,* 180 S.W.3d 66, 72 (Mo.App.2005). In order to discern the intent of the General Assembly, we look to statutory definitions or, if none are provided, the text's plain and ordinary meaning. *Gash v. Lafayette County,* 245 S.W.3d 229, 232 (Mo. banc 2008). "The Court is also mindful that a particular statutory phrase cannot be read in isolation." *Id.* We presume the legislature intended that each word, clause, sentence and provision of a statute have effect and should be given meaning. *Dubinsky v. St. Louis Blues Hockey Club,* 229 S.W.3d 126, 130 (Mo.App.2007). In addition, "we consider the statute in the context of the entire statutory scheme on the same subject in order to discern legislative intent." *Benoit v. Missouri Highway and Transp. Comm'n,* 33 S.W.3d 663, 673–74 (Mo.App.2000); *Sheedy,* 180 S.W.3d at 72.

▮ Under the Act, "[a]ny adult who has been subject to abuse by a present or former adult *family* or *household member,* or who has been a victim of stalking, may seek relief ... by filing a verified petition alleging such abuse or stalking by the respondent." § 455.020.1 RSMo (2000) (italics added). Thus, "[s]ection 455.020 provides relief for (1) any adult who has been subject to abuse by a present or former adult family or household member, or (2) any adult who has been a victim of stalking." *Towell v. Steger,* 154 S.W.3d 471, 473 (Mo.App.2005); *see Glover v. Michaud,* 222 S.W.3d 347, 351 (Mo.App.2007). Here, it is undisputed that Rogers alleged only the former, i.e., abuse by a family or household member. Section 455.010(5) defines "family" or "household member" to mean:

spouses, former spouses, adults related by blood or marriage, adults who are presently residing together or have resided together in the past, an adult who is or has been in a continuing social relationship of a romantic or intimate nature with the victim, and *adults who have a child in common regardless of whether they have been married or have resided together at any time[.]*

*Id.* (italics added). On appeal, Rogers contends the phrase, "adults who have a child in common" includes a step-father and biological father. Rogers argues that: (1) the dictionary defines "in common" as "shared together" and (2) he and McGuire are, therefore, family members because they "share" Son. This argument lacks merit.

▮ Rogers' argument focuses in isolation on a few words within a much longer clause. This we cannot do. The entire clause under consideration defines a family member as "adults who have a child in common *regardless of whether they have been married or have resided together at any time[.]* " Rogers' argument ignores the limitation contained in the modifying clause that follows the words he seeks to emphasize. This Court must give effect to the plain and ordinary meaning of these additional words as well. *Dubinsky,* 229 S.W.3d at 130. Because the word "married" was used by the General Assembly to describe the potential relationship between "adults who have a child in common," we must give effect to that limitation. *Id.* In Missouri, a marriage can exist only between a man and a woman. Mo. CONST. art. I, § 33; § 451.022. When we read the entire definitional clause so as to give effect to all of the words used, we conclude that it only applies to a man and woman who are the biological or adoptive parents of a child. This interpretation of

§ 455.010(5) gives effect to the General Assembly's intent that "adults who have a child in common" is limited to those persons who also could be married to one another. In addition, this interpretation is consistent with other definitional phrases in § 455.010(5) describing family members as those related by blood or marriage.

The trial court properly dismissed Rogers' petition because it failed to state a claim for relief. That ruling was based upon a correct interpretation and application of § 455.010(5). Accordingly, the judgment is affirmed.

BARNEY, and BURRELL, JJ. Concur.