

# In the Missouri Court of Appeals
## Eastern District

**SOUTHERN DIVISION**

| | | |
|---|---|---|
| SHARON A. BRUCKERHOFF, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF PHILLIP BRUCKERHOFF, DECEASED, | ) ) ) ) ) ) | No. ED111670 |
| Appellant, | ) ) | Appeal from the Circuit Court of Cape Girardeau County |
| vs. | ) ) | 20PR-CC00021-01 |
| CITY OF PERRYVILLE, MISSOURI, | ) ) | Honorable Scott A. Lipke |
| Respondent. | ) | Filed: December 19, 2023 |

Before Philip M. Hess, P.J., James M. Dowd, J., and Lisa P. Page, J.

**Opinion**

On the morning of September 28, 2019, as she crossed Old St. Mary's Road in Perryville, Missouri, a vehicle struck appellant Sharon Bruckerhoff and seriously injured her right foot. Bruckerhoff filed her petition for negligence against respondent City of Perryville (the City) alleging the road's lack of a crosswalk constituted a "dangerous condition" which, pursuant to section 537.600.1(2),[1] stripped the City of its sovereign immunity protection.

Bruckerhoff now appeals the trial court's judgment granting without explanation the City's motion for summary judgment in which the City argued that the "dangerous condition"

---

[1] All statutory references are to the Revised Statutes of Missouri (2016).

exception to sovereign immunity did not apply because Bruckerhoff failed to establish as a matter of disputed fact that the road was *physically* defective. In its legal memoranda, the City also argued that Bruckerhoff failed to demonstrate as matters of disputed fact that the road was in a dangerous condition due to improper design and that the alleged dangerous condition of the road caused Bruckerhoff's injuries. We reverse and remand because on this record Bruckerhoff has established as matters of genuinely disputed material fact that the design and maintenance of Old St. Mary's Road without a crosswalk constituted a dangerous condition which caused or contributed to cause her injuries.

### Background

Old St. Mary's Road is a two-lane road maintained by the City with a twenty-five mile per hour speed limit. The accident occurred where Old St. Mary's Road passes between two food manufacturing plants owned by the same company. Bruckerhoff worked at one of the plants from 1993 to 2021. She typically parked on Old St. Mary's Road or in a nearby parking lot and crossed the road at least twice a day to and from work like many of her coworkers.

On September 28, 2019 shortly before 6:00 a.m., Bruckerhoff parked on Old St. Mary's Road and prepared to cross the street. Though she saw the approaching vehicle, Bruckerhoff thought she had enough time to cross. The vehicle struck Bruckerhoff's right foot when she was about halfway across.

On April 15, 2022, the City filed its motion for summary judgment claiming that sovereign immunity codified in section 537.600 barred Bruckerhoff's claim and that the "dangerous condition" exception to sovereign immunity did not apply because Bruckerhoff failed to establish as a disputed material fact that Old St. Mary's Road had physical defects that rendered it dangerous. For her part, Bruckerhoff argued that the "dangerous condition"

2

exception is not limited to *physical defects* but may be satisfied by road design defects which she established in this case through expert witness testimony. On March 21, 2023, the trial court granted the City's summary judgment motion. This appeal follows.

## Standard of Review

Summary judgment is appropriate when the movant establishes that the material facts are undisputed and they are entitled to judgment as a matter of law. *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 377 (Mo. banc 1993); Rule 74.04(c). A genuine issue of material fact exists when there is competent evidence of two plausible, but contradictory, accounts of essential facts. *Armoneit v. Ezell*, 59 S.W.3d 628, 631 (Mo. App. E.D. 2001). Thus, a defendant is entitled to summary judgment when he shows undisputed facts that negate any one of the necessary elements of the plaintiff's claim. *Blackwell Motors, Inc. v. Manheim Services Corp.*, 529 S.W.3d 367, 379 (Mo. App. E.D. 2017).

We review an appeal challenging the grant of a motion for summary judgment *de novo*. Thus, we do not defer to the trial court's order granting summary judgment "because the trial court's initial judgment is based on the record submitted and amounts to a decision on a question of law." *Barry Harbor Homes Ass'n v. Ortega*, 105 S.W.3d 903, 906 (Mo. App. W.D. 2003). "Rather, we use the same criteria the trial court should have employed in initially deciding whether to grant summary judgment." *Id*. We view the record in the light most favorable to the nonmoving party and afford that party the benefit of all inferences which may be reasonably drawn from the record. *Barekman v. City of Republic*, 232 S.W.3d 675, 677 (Mo. App. S.D. 2007) (citing *ITT Commercial Finance Corp.*, 854 S.W.2d at 376). Moreover, summary judgment is an extreme and drastic remedy, and appellate courts should remain cautious in affirming such judgments. *Clark v. SSM Healthcare St. Louis*, 666 S.W.3d 210, 214 (Mo. App.

E.D. 2023) (citing *Boone County v. County Employees' Retirement Fund*, 26 S.W.3d 257, 260 (Mo. App. W.D. 2000)).

**Discussion**

I.

In Point I, Bruckerhoff alleges summary judgment is not warranted because she adduced competent evidence through her expert witness Benjamin Hosinski, a civil engineer, that the road's lack of a crosswalk constituted a dangerous condition. We agree because the City's claim - that the lack of evidence of *physical* defects in Old St. Mary's Road precludes the application of the dangerous condition exception to sovereign immunity - ignores that in Missouri the dangerous condition exception is broader than that and may include faulty road design such as the failure to have a crosswalk.

"As a municipal corporation, the City qualifies as a 'public entity' generally accorded sovereign immunity under section 537.600 from tort lawsuits." *Pinnell v. City of Union*, 579 S.W.3d 261, 265 (Mo. App. E.D. 2019). However, pursuant to section 537.600.1(2), and as relevant here, the City's sovereign immunity is waived when the injuries are "caused by the condition of a public entity's property." The plaintiff's burden to establish this exception to sovereign immunity is to show (1) that the property was in a dangerous condition at the time of the injury, (2) that the injury directly resulted from the dangerous condition, (3) that the dangerous condition created a reasonably foreseeable risk of harm of the kind that occurred, and (4) that the public entity's employee either created the dangerous condition through a negligent or wrongful act or omission or the public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition. Section 537.600.1(2); *State ex. Rel. City of Grandview v.*

4

*Grate*, 490 S.W.3d 368, 370-71 (Mo. banc 2016); *Cain v. Mo. Highways & Transp. Comm'n*, 239 S.W.3d 590, 593 (Mo. banc 2007).

"What constitutes a dangerous condition of public property has evolved." *Kraus v. Hy-Vee, Inc.*, 147 S.W.3d 907, 915 (Mo. App. W.D. 2004). "A dangerous condition of public property originally existed as a matter of law only where there was a 'defect in the physical condition of public property.'" *Id.* (quoting *Kanagawa v. State By and Through Freeman*, 685 S.W.2d 831, 835 (Mo. banc 1985)). But the dangerous condition exception "encompasses more than a physical defect in the pavement itself" and may now be satisfied by the "negligent, defective, or dangerous design' of roadways." *Huifang v. City of Kansas City*, 229 S.W.3d 68, 71-75 (Mo. App. W.D. 2007) (*see also Hensley v. Jackson County*, 227 S.W.3d 491, 495 (Mo. banc 2007)). Now, "a dangerous condition of public property may arise from a general failure to post adequate signing or traffic controls," *Kraus*, 147 S.W.3d at 915, because "[t]raffic control devices including markings, signs, and traffic signals are part of the 'design' of a roadway." *Huifang*, 229 S.W.3d at 75.

With these principles in mind, we turn to the record here which we find establishes as a matter of genuinely disputed fact that Old St. Mary's Road, *without a crosswalk,* was in a dangerous condition. Expert witness Hosinki testified that from a road engineering and design standpoint, the factors to consider when deciding whether a crosswalk is appropriate for a given location include high pedestrian volume and limited sight distance and that these factors were present here. Further, he testified that a crosswalk between those two plants where Bruckerhoff was hit would have had the effect of drawing motorists' attention to the crossing and thereby reducing the likelihood of a pedestrian strike. In an affidavit, Hosinki concluded that the lack of pedestrian crossing markings and signage made this stretch of Old St. Mary's Road not

5

reasonably safe for pedestrians. The foregoing evidence satisfies Bruckerhoff's burden regarding the first element of the dangerous condition exception to sovereign immunity. *Kraus*, 147 S.W.3d at 915. Point I is granted.

II.

In Point II, Bruckerhoff claims summary judgment is unwarranted with respect to causation, which is the second element of the dangerous condition exception to sovereign immunity, because she adduced sufficient evidence through Hosinki that Old St. Mary's Road's lack of a crosswalk caused or contributed to cause her injuries. Before turning to the merits of Bruckerhoff's argument, we must determine whether the causation element is even before us. We note that in its motion for summary judgment, the City did not request summary judgment on the causation element of the dangerous condition exception but only attacked the first element, whether the road was in a dangerous condition, with its claim that "Old St. Mary's Road did not contain any physical defects." And the trial court's one-sentence ruling without explanation gives us no inkling whether the trial court intended to go beyond the scope of the City's motion and reach the causation element in its judgment.

Rule 74.04 dictates a specific format for a summary judgment motion and response in order to clarify the areas of dispute and eliminate the need for the trial or appellate court to sift through the record to identify factual disputes. *Lackey v. Iberia R-V School District*, 487 S.W.3d 57, 61 (Mo. App. S.D. 2016). Rule 74.04(c)(1) mandates that "[a] motion for summary judgment shall summarily state the legal basis for the motion." Here, the City's motion did not mention the causation element or request summary judgment on that issue. Nevertheless, "if the issues and the documents in support of those motions are clear to the litigants, the trial court, and the appellate court . . . [the] appellate court [is] vested with discretion" to review the matter.

6

*McClain ex rel. Rutledge v. Carpio*, 338 S.W.3d 361, 369 (Mo. App. S.D. 2011) (internal citations omitted) (*see also Premier Golf Missouri, LLC v. Staley Land Co., LLC*, 282 S.W.3d 866, 872 (Mo. App. W.D. 2009).

And here, both parties indeed addressed the causation element in their Rule 74.04 statements of material facts and related responses and in their dueling legal memoranda. Under the foregoing authorities, therefore, we conclude that despite the City's failure to adhere to Rule 74.04(c)(1), we may consider the merits of the City's claim that summary judgment is appropriate as to the causation element of Bruckerhoff's claim that the dangerous condition exception to sovereign immunity applies here.

Turning to the merits of the point, we conclude that Bruckerhoff adduced sufficient evidence to render summary judgment on the causation element unwarranted. Frankly, whether Bruckerhoff's injury "directly resulted from" the dangerous condition of Old St. Mary's Road is a highly and genuinely disputed issue on this record. Section 537.600.1(2). "Directly resulted from is synonymous with proximate cause." *Huifang*, 229 S.W.3d at 76. "The practical test of proximate cause is generally considered to be whether the negligence of the defendant is that cause or act of which the injury was the natural and probable consequence." *Kraus*, 147 S.W.3d at 918 (quoting *Krause v. U.S. Truck Co.*, 787 S.W.2d 708, 710 (Mo. banc 1990)). "The trier of fact normally decides causation, especially where reasonable minds could differ as to causation on the facts of the case." *Id.* (quoting *Williams v. Mo. Highway & Transp. Comm'n*, 16 S.W.3d 605, 611 (Mo. App. W.D. 2000) (internal citation omitted). "To the extent the damages are surprising, unexpected, or freakish, they may not be the natural and probable consequences of a defendant's action." *State ex rel. Mo. Highway and Transp. Com'n v. Dierker*, 961 S.W.2d 58,

7

61 (Mo. banc 1998) (quoting *Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 852, 865 (Mo. banc 1993).

Here, Bruckerhoff adduced evidence through her expert Hosinki that a crosswalk here would have reduced the likelihood of a pedestrian strike. Hosinki testified that he observed a consistent flow of traffic at this location, and that crosswalks provide an additional warning to approaching motorists that pedestrians may be crossing the street. Certainly, reasonable minds could differ as to causation in this case, but it is not such a "surprising, unexpected, or freakish" event that a driver might strike a pedestrian on a busy road without traffic controls such as a crosswalk so as to break the causal chain as a matter of law. *State ex rel. Mo. Highway and Transp. Com'n*, 961 S.W.3d at 60.

Moreover, we are unpersuaded by the City's argument that any negligence on the part of the driver or Bruckerhoff negates any causative responsibility on the part of the City. Missouri long ago adopted a comprehensive system of comparative fault in *Gustafson v. Benda*, 661 S.W.2d 11, 16 (Mo. banc 1983), which applies in this context regarding the dangerous condition exception to sovereign immunity. *Kraus*, 147 S.W.3d at 919 ("The existence of concurring negligence . . . would not bar recovery in any event; it would merely require the fact-finder to apportion fault between or among the responsible parties."). Point II is granted.

III.

Additional issues not raised in the City's motion for summary judgment, but which the parties' summary judgment papers touched on briefly, relate to the third and fourth elements of this exception to sovereign immunity – whether Old St. Mary's Road's lack of a crosswalk created a reasonably foreseeable risk of a pedestrian strike (third element) and whether the City knew or should have known of the dangerous condition (fourth element). Unlike the causation

8

issue which was not raised in the City's motion but which we have exercised our discretion to review, we are unwilling and unable to review these issues due to the scant treatment given them by the parties in their papers.[2]

Even if we were to address these issues, we are unpersuaded by the City's arguments. With respect to the fourth element, the City argues that it had no actual or constructive notice that this stretch of Old St. Mary's Road constituted a dangerous condition because there is no prior reported pedestrian strike at this location in the record and because the City had not previously done an analysis to determine whether traffic controls were needed here. The City has not directed us to persuasive authority in support of these arguments. In fact, under Missouri law, the notice element of the dangerous condition exception to sovereign immunity may be met simply by showing the City had "sufficient time and opportunity to become aware of the condition" of the road. *Allen v. 32nd Judicial Circuit*, 638 S.W.3d 880, 890 (Mo. banc 2022); *Hensley*, 227 S.W.3d at 497.

As for the third element, whether the dangerous condition created a reasonably foreseeable risk, we are likewise unpersuaded that summary judgment would be warranted in light of Hosinki's testimony that Old St. Mary's Road had consistent motorist traffic and "a lot of people crossing in this area" and that a crosswalk would have reduced the likelihood of a pedestrian strike.

---

[2] "[A]ppellate review of a decision to grant summary judgment is limited to the issues put before the trial court." *Rapp v. Eagle Plumbing, Inc.*, 440 S.W.3d 519, 523 (Mo. App. E.D. 2014) (quoting *Sheedy v. Mo. Highways and Transp. Comm'n,* 180 S.W.3d 66, 70 (Mo. App. S.D. 2005)). "Consequently, '[f]or purposes of this appeal, we are confined to addressing only those issues properly raised in the defendant['s] motion[ ] for summary judgment and the responses thereto.'" *Id*. (quoting *Heffernan v. Reinhold*, 73 S.W.3d 659, 663 (Mo. App. E.D. 2002)).

"The test [for foreseeability] is not the balance of probabilities, but of the existence of some probability of sufficient moment to induce the reasonable mind to take the precautions which would avoid it." *Lopez v. Three Rivers Elec. Co-op., Inc*, 26 S.W.3d 151, 156 (Mo. banc. 2000) (quoting *Zuber v. Clarkson Const. Co.*, 251 S.W.2d 52, 55 (Mo. 1952)). In light Hosinki's testimony, it would appear to be a genuinely disputed question of fact for the jury to decide whether the probability of a pedestrian being struck at this location was "of sufficient moment to induce" the City to take precautions, such as by the installation of a crosswalk.

For the reasons set forth above, we reverse the summary judgment entered in this case and remand for further proceedings.

_____
James M. Dowd, Judge

Philip M. Hess, P.J. and
Lisa P. Page, J. concur.